Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-04-00323-CR
IN RE: THE STATE OF TEXAS,                     )
)AN ORIGINAL PROCEEDING 
                                                Relator.                ) 
) IN MANDAMUS
)

O P I N I O N

            This is an original proceeding in mandamus. The State of Texas, Relator, seeks a writ of
mandamus requiring the 346th District Court of El Paso County


 (Respondent) to vacate two orders
requiring the State to produce the District Attorney’s Office screening sheets, El Paso Police
Department supplement reports, and El Paso Detention Facility Arrest Supplements for every
criminal case pending in the 346th District Court. For the reasons stated below, we conditionally
grant mandamus relief.
UNDERLYING FACTS
            On October 7, 2004, Respondent, sua sponte, entered an order applicable to every criminal
case then pending in the 346th District Court. The order required the District Attorney’s Office to
produce by October 14, 2004, a “copy of proof of all magistrate warnings signed by the defendant
in the possession of the District Attorney’s Office . . . for each and every pending criminal matters
(sic) set for prosecution by the State of Texas before this honorable court.” There were 652 criminal
cases pending in the 346th District Court at the time the judge entered the order. The District
Attorney’s Office provided Respondent with copies of the magistrates’ certificates


 in more than 100
cases. Additionally, on the date of deadline, the District Attorney’s Office filed a written response
objecting to the order and raising the following issues:
•          the District Attorney’s Office had not been given adequate time to respond to the order since
it did not receive the order until October 11;
 
•          the District Attorney’s Office did not have magistrate warnings signed by the defendant in
its possession because those documents stay in the possession of the magistrates and are not
filed with the District Clerk; and
 
•          the absence of magistrate warnings does not vitiate the indictment, and therefore, Respondent
was not authorized to dismiss the cases if the warnings were not produced. 

On October 19, 2004, Respondent extended the deadline for producing the magistrate’s warnings
until October 26, 2004. The State later provided additional magistrate’s certificates to Respondent. 
            On October 25, 2004, Respondent entered another sua sponte order. Noting that the District
Attorney’s Office had not produced the magistrate warnings, Respondent required the District
Attorney’s Office to produce “copies of all District Attorney’s Office Screening Sheets, El Paso
Police Department Supplement Reports, and El Paso Detention Facility Arrest Supplements, for each
criminal matter pending in the 346th District Court no later than the close of business on
November 1, 2004. The screening sheets referenced in the order are part of the District Attorney’s
case screening system known as “District Attorney’s Information Management System” or DIMS. 
Respondent entered an amended version of the order on October 27, 2004 which is identical except
that Respondent attached a sample of what he sought from the District Attorney’s Office. 
            On November 1, 2004, the State filed its petition for writ of mandamus and motion for
emergency relief. We granted the motion for emergency relief and requested a response from
Respondent.
SUA SPONTE DISCOVERY ORDERS
            Characterizing the October 25 and October 27 orders as discovery orders, the State asserts
that Respondent exceeded his authority under Article 39.14 of the Texas Code of Criminal Procedure
to order production of these documents, and therefore, the State has a clear right to the relief sought. 
Additionally, the State argues that it has no ability to challenge the trial court’s order by appeal.
Standard of Review
            To establish an entitlement to mandamus relief, a relator must satisfy two requirements: (1)
there must be no adequate remedy at law to redress his alleged harm; and (2) the relator must have
a clear right to the relief sought. Buntion v. Harmon, 827 S.W.2d 945, 948 and n.2 (Tex.Crim.App.
1992); State ex rel. Sutton v. Bage, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992). The second element
has historically been stated in terms of requiring that the judicial conduct from which relief is sought
be “ministerial” in nature. Buntion, 827 S.W.2d at 948 n.2. An act is ministerial when “the law
clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise
of discretion or judgment.” Texas Dept. of Corrections v. Dalehite, 623 S.W.2d 420, 424
(Tex.Crim.App. 1981). A ministerial act is not implicated if the trial court must weigh conflicting
claims or collateral matters which require legal resolution. State ex rel. Hill v. Court of Appeals for
Fifth District, 34 S.W.3d 924, 927 (Tex.Crim.App. 2001). However, a so-called “discretionary” act
may become “ministerial” when the facts and circumstances dictate but one rational decision. 
Buntion, 827 S.W.2d at 948 n.2.
No Adequate Remedy at Law
            Respondent does not dispute that the State lacks an adequate remedy by appeal. Article 44.01
of the Texas Code of Criminal Procedure does not authorize an appeal by the State of the orders. 
See Tex.Code Crim.Proc.Ann. art. 44.01 (Vernon Pamph. 2004-05). Accordingly, mandamus will
lie if the State establishes that it has a clear right to the relief sought. See State ex rel. Simmons v.
Moore, 774 S.W.2d 711, 714 (Tex.App.--El Paso1989, orig. proceeding).
Orders Exceed Respondent’s Authority Under Article 39.14
            Respondent disagrees with the State’s characterization of the orders as discovery orders,
asserting that the orders are not calculated to lead to the discovery of relevant evidence which is
admissible at trial. According to Respondent, several defendants have filed motions for bond
reduction as the result of a backlog of criminal cases in his court. As a result, review of the initial
bond settings has become necessary.
            On their face, the orders require the State to produce documents relevant to the setting of the
initial bond in each of the 652 criminal cases pending in the 346th District Court. Respondent
asserts that he entered the orders for the purpose of reviewing motions for bond reduction filed by
certain defendants.


 While Respondent argues that his orders are not discovery orders because they
are not calculated to lead to the discovery of relevant evidence which is admissible at trial, that is
not the test under Article 39.14. Rather, Article 39.14 grants the trial court limited authority to order
production of any designated documents “which constitute or contain evidence material to any
matter involved in the action.” [Emphasis added.] See Tex.Code Crim.Proc.Ann. art. 39.14
(Vernon Pamph. 2004-05). As aptly noted by the State in its reply, a motion for a bond reduction
is a “matter involved in the action” and Respondent, by his own admission, ordered the documents
produced as evidence material to the motions for bond reduction. We must conclude that the
October 25 and October 27 orders are discovery orders.
            A criminal defendant’s right to discovery under the United States Constitution is limited to
exculpatory or mitigating evidence in the State’s possession, custody, or control. See Dickens v.
Court of Appeals for the Second Supreme Judicial District, 727 S.W.2d 542, 551 (Tex.Crim.App.
1987); King v. State, 746 S.W.2d 515, 517 (Tex.App.--Dallas 1988, pet. ref’d). Beyond this, a
criminal defendant has no general right of discovery. Washington v. State, 856 S.W.2d 184, 187
(Tex.Crim.App. 1993); Perkins v. State, 902 S.W.2d 88, 101 (Tex.App.--El Paso 1995, pet. ref’d). 
Article 39.14 of the Texas Code of Criminal Procedure provides the defendant with a limited right
of discovery prior to and during trial. Tex.Code Crim.Proc.Ann. art. 39.14; see Martin v. Darnell,
960 S.W.2d 838, 841-42 (Tex.App.--Amarillo 1997, orig. proceeding); State ex rel. Wade v.
Stephens, 724 S.W.2d 141, 143-44 (Tex.App.--Dallas 1987, orig. proceeding). It provides that upon
motion by the defendant showing good cause and upon notice to the other parties, the trial court may
order the State to produce certain evidence material to any matter involved in the action which is
within the State’s possession, custody or control. Tex.Code Crim.Proc.Ann. art. 39.14.
            Respondent entered the challenged orders without any motion by any of the 652 defendants
and without affording the State an opportunity to be heard. Thus, the State was never allowed to
present to the trial court its argument that the documents are work product, and therefore, exempt
from discovery. See Tex.Code Crim.Proc.Ann. art. 39.14(a)(exempting work product of counsel
and investigators from discovery); Quinones v. State, 592 S.W.2d 933, 940 (Tex.Crim.App.
1980)(work-product privilege extends to documents which themselves do not contain admissible
evidence of the offense but instead are summaries of the evidence or discussions about the offense
that have been prepared for the internal use of law enforcement officers). Having failed to comply
with the requirements of Article 39.14, Respondent exceeded the scope of his authority. Given that
the State has established Respondent’s non-compliance with Article 39.14, we need not address the
merits of the State’s additional argument that the materials sought are exempt from discovery.
District Court’s Inherent and Implied Authority
            Although we have found that Respondent’s orders were made in violation of Article 39.14,
it is necessary to address Respondent’s argument that his orders are based on his overriding duty to
ensure that a defendant’s right to a bond is scrupulously honored. Taking issue with the DIMS
process whereby assistant district attorneys “set” the bond pursuant to a schedule established by the
El Paso Council of Judges, Respondent maintains that the bond should be set by a magistrate, not
by an assistant district attorney, as required by state law and the United States Constitution.


 He
essentially argues that the district court has authority to order the State to produce these documents
in order to enforce the defendant’s right to a bond. Although Respondent does not state his argument
in these terms, the court’s authority to enter these orders outside of Article 39.14, if it exists, must
be either an inherent or implied power.
            The jurisdiction of a particular court is that portion of the judicial power which it has been
expressly authorized to exercise by the constitution or statutes. Eichelberger v. Eichelberger, 582
S.W.2d 395, 398 (Tex. 1979). In addition to the express grants of judicial power to each court, there
are other powers which courts may exercise though not expressly authorized or described by
constitution or statute. Id.; see State v. Johnson, 821 S.W.2d 609, 612 (Tex.Crim.App. 1991)(citing
Eichelberger with approval). These powers are generally categorized as “implied” and “inherent.” 
Eichelberger, 582 S.W.2d at 398. There is an important distinction between implied and inherent
powers. See id.
            The inherent judicial power of a court is not derived from legislative grant or specific
constitutional provision, but from the very fact that the court has been created and charged by the
constitution with certain duties and responsibilities. Id. The inherent powers of a court are those
which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and
in the preservation of its independence and integrity. Eichelberger, 582 S.W.2d at 398; see Johnson,
821 S.W.2d at 612. Texas courts have recognized inherent powers in the following instances: to
change, set aside or otherwise control their judgments; to summon and compel the attendance of
witnesses; to regulate the admission and practice of law; and to provide personnel to aid the court
in the exercise of its judicial function. Eichelberger, 582 S.W.2d at 399 n.1 (and cases cited therein). 
The implied powers of a court do not stand on an independent basis as do inherent powers. Id. at
399. Though not directly or expressly granted by constitutional or legislative enactment, implied
powers are those which can and ought to be implied from the express grant of power. Id.
            The discovery orders entered by Respondent are not premised upon the exercise of one of the
generally-recognized inherent powers discussed in Eichelberger and the cases cited in that opinion. 
See Eichelberger, 582 S.W.2d at 399 n.1. Respondent cites no authority showing that a district court
has inherent power to enter this type of order absent compliance with Article 39.14. In the absence
of any supporting authority, we conclude that Respondent’s order is not based on an inherent power. 
Likewise, Respondent’s orders are not based on an implied power. We understand Respondent to
argue that authority to enter these discovery orders is implied in his duty to ensure that the
defendants’ right to a bond is observed. A similar argument was rejected in State ex rel. Simmons
v. Peca, 799 S.W.2d 426 (Tex.App.--El Paso 1990, orig. proceeding). There, attorneys for a capital
murder defendant filed a motion requesting that the District Attorney’s Office provide them with a
copy of the entire case file even though the DA’s office had an open file policy and the attorneys had
been given access to the file. Id. at 428. The attorneys, who had engaged in only a cursory
examination of the file, argued that the case file was too voluminous for hand-copying of the
documents. Id. at 428. The DA’s office had a policy which permitted individual document copies
on specific request, but the defense did not take advantage of this policy. Id. at 429. After multiple
hearings on the issue, the DA’s office retracted its open file policy, stating that discovery would be
conducted pursuant to Article 39.14. Id. at 428-29. Citing its inherent power to control its docket
and the court’s obligation to satisfy a defendant’s constitutional rights to a speedy trial and the
effective assistance of counsel, the trial court then ordered the State to prepare and deliver a copy
of the entire file to defense counsel so that the trial setting could be maintained. Id. at 429. The
State sought mandamus relief. In finding the discovery order void, this Court made the following
observations:
[O]ne can hardly fault a member of the judiciary for being concerned about due
process, equal protection, the right to counsel and speedy trial. This record does
reflect that, despite good intentions, those exercising judicial power may err on the
side of an overly-aggressive individual pursuit of those principles. The satisfaction
of these principles, in large measure, flows from the participants’ adherence to the
criminal justice framework provided by state and federal constitution and statute. 
Within that framework, the judge functions primarily as a passive, neutral referee, not
as an advocate-at-large. A judge who, on his own initiation, is overly aggressive in
dictating the course of the post-indictment proceedings runs the risk of preempting
the function of counsel for both sides and transgressing the separation of powers
between the three branches of government.

Id. at 430.

            These concerns are particularly apposite in the instant case given that Respondent entered
the discovery orders in the absence of a motion for discovery by any defendant. We conclude that
Respondent’s power to enter discovery orders in criminal cases is limited to the authority granted
by Article 39.14. Because the discovery orders were not made in compliance with Article 39.14, and
are not based on an express, inherent, or implied grant of power, we conclude that the orders are
void, and the State has established its entitlement to mandamus relief. See In re State of Texas ex rel.
Robinson, 116 S.W.3d 115, 119 (Tex.App.--Houston [14th Dist.] 2002, orig. proceeding)(a trial
court’s order that is beyond the scope of the trial court’s authority is void and subject to mandamus
correction). Accordingly, we sustain the State’s sole issue and conditionally grant the relief sought. 
Our prior order granting emergency relief and staying the proceedings in the 346th District Court is
vacated. The writ of mandamus will issue only if the 346th District Court fails to vacate its
October 25 and October 27 orders.

March 17, 2005                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Publish)