COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
| --- | --- | --- |
| IN RE: THE STATE OF TEXAS, | § | No. 08-12-00177-CR |
| | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |
| | § | |

## **O P I N I O N**

The State of Texas has filed a petition seeking a writ of mandamus to compel the Honorable Patrick Garcia, Judge of the 384th District Court of El Paso County, to vacate portions of a pretrial discovery order. We conditionally grant relief.

### **FACTUAL SUMMARY**

The real party in interest, Fidencio Valdez, is under indictment in Cause Number 20120D00749 for the offense of capital murder. The State has filed written notice of its intent to seek the death penalty. The trial court entered a standard discovery order requiring the State to provide Valdez with the name and address of all witnesses the State intended to call at trial. The State complied with the order and provided Valdez with a prospective witness list with approximately 387 names. Several of the witnesses are listed as experts in various fields. Valdez filed a motion requesting that the State be ordered to produce the names of all of its expert witnesses, a complete statement of all opinions to be expressed by these experts, and the basis for those expert opinions. Valdez based his motion on Article 39.14(b) of the Code of

Criminal Procedure and Rules 104, 702, 703, and 705 of the Texas Rules of Evidence.

At the hearing, the prosecutor told the trial court that the reports prepared by many of the State's experts were in the State's file and had already been provided to the defense. The prosecutor argued that Valdez was not entitled to any additional information regarding the State's experts and if Valdez wanted to know the qualifications of the expert, he could ask during voir dire examination of the expert as provided by Texas Rule of Evidence 705. The trial court concluded the hearing without ruling on the motion. After the hearing, the State filed a written memorandum on the issue. The State continued to argue that Valdez's requested discovery exceeded the scope of permissible discovery under Article 39.14. The State asserted that the written reports of the State's "hard science" experts, such as DNA and ballistics, had already been provided to the defense, but some of the "soft science" experts had not created reports. Further, Valdez's requested production would force the State and its "soft science" experts to create written reports solely for the benefit and use of defense counsel.

The trial court later conducted an additional hearing on Valdez's motion. At that hearing, the State continued to object to the motion as seeking discovery outside of the scope of Article 39.14. The trial court took the position that Valdez was entitled to all of the information sought by the motion. Accordingly, the trial court required the State to produce the following:

   (a) name and address of each testifying expert;

   (b) a complete statement of all opinions to be expressed and the basis and reasons by each expert witness;

   (c) the data or other information considered by each witness in forming the opinions;

   (d) any exhibits to be used as a summary of or support for the opinions by each witness;

   (e) the name, address, and curriculum vitae of each witness the State intended to qualify as an expert;

(f) copies of any billing statement or invoices submitted as well as financial records of payments received by the witness for any services performed (including testimony) by the witness in response to a request of a representative of the District Attorney's Office;

(g) any research or studies that support, as being reliable, the scientific theory and/or technique that the witness has or will utilize in formulating any opinions that will be a part of his testimony in the case;

(h) all literature supporting or rejecting the underlying theory, methodology or technique used or relied upon by each witness that will present opinion testimony at the trial;

(i) the results of any tests that have been performed on the science or methodology relied upon by each witness that will provide opinion testimony at trial;

(j) the names of each person about whom a witness to be called by the State has expressed an opinion in the past and the opinion expressed as to each by the State's witness;

(k) a listing of any standards that control the technique or methodology used to arrive at any opinion that may be expressed at trial;

(l) the qualifications that allow the witnesses, including a list of all publications authored by the witness within the preceding ten years, to form and express the opinions;

(m) a list of each interview conducted by the witness while in the field in which he is to express an opinion;

(n) the facts in each of the cases in which he conduct those interviews;

(o) statistical research performed in the field of expertise with supporting documentation;

(p) copies of any billing statements or invoices submitted as well as financial records of payments received by the witness for any services performed by the witness in response to a request of a representative of the District Attorney's Office from 2000 through the date of the trial court's order; and

(q) a listing of any other cases in which the witness has testified as an expert at trial or by deposition from 2000 through the date of the trial court's order.

The trial court additionally ordered that failure to comply with the order would result in the exclusion of the expert testimony and evidence. The State filed its petition for writ of mandamus requesting that we order the trial court to vacate paragraphs (b) through (q) of the discovery order.

*The Mandamus Standard*

To be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013); *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). It is undisputed that the State cannot appeal the discovery order. Thus, the State has shown that it does not have an adequate remedy at law.

Regarding the second element, the relator must show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. This showing is made when the facts and circumstances dictate but one rational decision under "unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *In re State ex rel. Weeks*, 391 S.W.3d at 122, *quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011). Mandamus is not available to compel a discretionary act as distinguished from a ministerial act. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex.Crim.App. 1984). However, even a so-called "discretionary" act may become "ministerial" when the facts and circumstances dictate but one rational decision. *In re State of Texas*, 162 S.W.3d 672, 675 (Tex.App.--El Paso 2005, orig. proceeding), *citing Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex.Crim.App. 1992). Mandamus relief is available to the State when a trial judge enters an order for which he has no statutory authority to enter. *State ex rel. Holmes*, 671 S.W.2d at 899.

*Pretrial Discovery in Criminal Cases*

A criminal defendant's constitutional right to discovery is limited to exculpatory or mitigating evidence in the State's possession, custody, or control. *In re State of Texas*, 162 S.W.3d at 676, *citing Dickens v. Court of Appeals for the Second Supreme Judicial District*, 727

S.W.2d 542, 551 (Tex.Crim.App. 1987). A defendant in a criminal case does not have a general right to discovery of evidence in the possession of the State. *See Scaggs v. State*, 18 S.W.3d 277, 294-95 (Tex.App.--Austin 2000, pet. ref'd). Article 39.14 of the Code of Criminal Procedure provides the defendant with a limited right of discovery prior to and during trial. TEX.CODE CRIM.PROC.ANN. art. 39.14 (West Supp. 2012). Subsection (a) provides that upon motion of the defendant showing good cause, the trial court may order the State to produce certain evidence in the State's possession, custody, or control. *Id.*; *In re State of Texas*, 162 S.W.3d at 676. Subsection (b) authorizes both the State and the defendant to file motions for the purpose of requesting the disclosure of the name and address of each person the other party may use at trial to present evidence under Rules 702, 703, and 705 of the Texas Rules of Evidence. TEX.CODE CRIM.PROC.ANN. art. 39.14(b). Nothing in either subsection (a) or (b) authorized the trial court to order the State to disclose the information required by paragraphs (b) through (q) of the pretrial discovery order.

Valdez argues, as he did in the trial court, that Rule 705 provided the trial court with discretion to enter the order. As his sole authority, he cites an unpublished opinion of the Court of Criminal Appeals. *Lizcano v. State*, No. AP-75879, 2010 WL 1817772 (Tex.Crim.App. May 5, 2010)(not designated for publication). Unpublished opinions of the Court of Criminal Appeals have no precedential value and should not be cited by counsel or by a court.[1] TEX.R.APP.P. 77.3. Consequently, the trial court's ruling cannot be supported by *Lizcano*. Even if *Lizcano* had been published, we would find it factually distinguishable because it did not concern pretrial discovery. Instead, the trial court entered an order *during trial* requiring the defense to disclose facts or data underlying the opinions of the defense experts.

---

[1] In contrast with Rule 77.3, Rule 47.7(a) provides that opinions and memorandum opinions not designated for publication by the court of appeals have no precedential value but may be cited with the notation, "(not designated for publication)." TEX.R.APP.P. 47.7(a)(citation of unpublished opinions in criminal cases).

We will now examine whether the pretrial discovery order is authorized by Rules 104, 702, 703, and 705 of the Texas Rules of Evidence. Rule 104 addresses preliminary questions of admissibility of evidence and provides that hearings on preliminary matters should be conducted outside of the hearing of the jury. TEX.R.EVID. 104. We have found no criminal cases citing Rule 104 as authority for a trial court to enter a discovery order like the one entered in this case.

Rule 702 allows "a witness qualified as an expert by knowledge, skill, experience, training, or education" to give opinion testimony based on "scientific, technical, or other specialized knowledge." *Leonard v. State*, 385 S.W.3d 570, 581 (Tex.Crim.App. 2012), *quoting* TEX.R.EVID. 702. It is well established that a trial court, upon request, must conduct a gatekeeping hearing under Rule 702 to determine the admissibility of opinion testimony offered under this rule. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App. 1992). A *Daubert/Kelly* hearing may be conducted prior to trial or during trial outside of the hearing of the jury. In this case, Valdez has not filed a motion requesting such a hearing by means of a motion to exclude expert testimony or other appropriate motion. Even if he had filed a Rule 702 motion, the burden would be on the State to establish the admissibility of the expert testimony and we have not found any criminal cases holding that a trial court is authorized to enter a pretrial discovery order like the one entered by the court in this case.

Rule 703 addresses the bases of opinion testimony by experts:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by, reviewed by, or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

The Court of Criminal Appeals has held that Rule 703's use of the word "reasonably" rather than

"customarily" or "regularly" implies that judicial oversight was intended. *Leonard*, 385 S.W.3d at 582. Rule 705 provides as follows:

(a) **Disclosure of Facts or Data.** The expert may testify in terms of opinion or inference and give the expert's reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event disclose on direct examination, or be required to disclose on cross-examination, the underlying facts or data.

(b) **Voir dire.** Prior to the expert giving the expert's opinion or disclosing the underlying facts or data, a party against whom the opinion is offered upon request in a criminal case shall, or in a civil case may, be permitted to conduct a *voir dire* examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

(c) **Admissibility of opinion.** If the court determines that the underlying facts or data do not provide a sufficient basis for the expert's opinion under Rule 702 or 703, the opinion is inadmissible.

(d) **Balancing test; limiting instructions.** When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

Rule 705(a) authorizes a trial court to require prior disclosure of the facts and data underlying the expert's opinion, but it does not state how far in advance of trial that a court may require prior disclosure and it does not purport to allow a trial court to enter a pretrial discovery order related to expert witnesses. The meaning of Rule 705(a) must be determined by examining the other subsections of Rule 705. Pursuant to Rule 705(b), a party is permitted to request a hearing outside of the presence of the jury for the purpose of conducting a *voir dire* examination of an expert witness. TEX.R.EVID. 705(b). During that hearing, the party may obtain disclosure of the underlying facts and data relied upon by an expert. The other subsections of Rule 705 do not address prior disclosure of the underlying facts and data. TEX.R.EVID. 705(c)(addressing

- 7 -

inadmissibility of the expert's opinion if the underlying facts and data do not provide a sufficient basis for the opinion); TEX.R.EVID. 705(d)(providing for exclusion of the underlying facts and data before the jury if the evidence would be inadmissible, and providing for a limiting instruction if inadmissible facts or data are introduced before the jury). While the trial court is authorized to conduct a hearing outside of the presence of the jury under Rule 705, we do not interpret the rule as permitting a trial court to enter a pretrial discovery order in criminal cases. Even if Rule 705 authorized the trial court to order the State to disclose the underlying facts and data, the order entered in this case goes far beyond requiring disclosure of the facts and data as defined by Rule 703. We therefore conclude that the trial court clearly abused its discretion by entering the discovery order in this case. The issue presented in the State's petition for writ of mandamus is sustained and we conditionally grant mandamus relief. The Judge of the 384th District Court is ordered to vacate paragraphs (b) through (q) of the pretrial discovery order entered on April 11, 2012 and the revised order entered on May 16, 2012 in *The State of Texas v. Fidencio Valdez*, cause number 20110D00198. The writ will issue only in the event the trial court fails to obey this order.

April 30, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)