Opinion filed September 26, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00242-CR
_____

## MICHAEL GEIGER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 106th District Court

Dawson County, Texas

Trial Court Cause No. 09-6938

### M E M O R A N D U M   O P I N I O N

The jury convicted Michael Geiger of assault on a public servant and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life. Appellant challenges his conviction in nine issues. We affirm.

*Background Facts*

Appellant assaulted Mario McDaniel, a correctional officer at the Smith Unit of the Texas Department of Criminal Justice (TDCJ) located in Dawson County, by kicking him in the groin and head-butting him. The assault occurred when Officer McDaniel and two more officers entered Appellant's cell in order to conduct a search of his cell. The assault occurred when Officer McDaniel entered the cell. Appellant admitted at trial to assaulting Officer McDaniel. He claimed that he acted in self-defense based on prior interactions between himself and prison officials and that the correctional officers' conduct constituted entrapment.

*Analysis*

In his first issue, Appellant complains of several alleged irregularities regarding "the complaint, information and affidavits" to the extent that they were misleading to the grand jury. Among other things, he contends that they were deficient because they were not filed by the actual victim of the offense, were not sworn under oath, and were not reduced to writing. Appellant's first issue also addresses complaints concerning the qualifications of the prosecutor (see Issue No. 2 below). Appellant is essentially challenging the manner in which the criminal case was instituted. We first note that the record does not contain the "complaint, information and affidavits" that Appellant is challenging. An appellant must present a record showing error requiring reversal. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007); *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006); *Guajardo v. State*, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003) ("It is, however, the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents."). The record on appeal is not sufficiently developed for us to address Appellant's complaint. Furthermore, Appellant was charged by an indictment returned by the grand jury. There is no statutory requirement for a prosecutor to file a complaint or information before a

grand jury issues an indictment. *Ferguson v. State*, 335 S.W.3d 676, 682 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We overrule Appellant's first issue.

In his second issue, Appellant complains of the appearance of a member of the special prosecution unit as the prosecutor at trial in place of the duly elected district attorney for Dawson County. The Texas Constitution states that elected officials are permitted to prosecute criminal offenses. *See* TEX. CONST. art. V, § 21. Nonetheless, elected district and county officials are permitted to employ other attorneys to prosecute cases. TEX. GOV'T CODE ANN. § 41.302 (West Supp. 2012). The courts have also determined that "[a] 'special prosecutor' is *permitted by the elected district attorney* to participate in a particular case to the extent allowed by the prosecuting attorney, without being required to take the constitutional oath of office." *State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J., concurring). Finally, the Court of Criminal Appeals has specifically stated that the special prosecution unit has the authority necessary to prosecute inmate offenses. *Ex parte Jones*, 97 S.W.3d 586, 589 (Tex. Crim. App. 2003). Accordingly, a member of the special prosecution unit had the authority necessary to prosecute Appellant. Appellant additionally asserts that the special prosecutor withheld video evidence from him. However, there is evidence that no video of the incident existed. Accordingly, we overrule Appellant's second issue.

In his third issue, Appellant complains that the trial court erred in not awarding him attorney's fees for representing himself. This complaint is without merit. The Tyler Court of Appeals recently determined that indigent defendants who choose to represent themselves are not "appointed" under Article 26.04 and are not included in the category of persons who are entitled to an award of "attorney's fees" under Article 26.05. *In re Kennedy*, No. 12-12-00203-CR, 2012 WL 2344472 (Tex. App.—Tyler June 20, 2012, orig. proceeding) (mem op., not

designated for publication); *see* TEX. CODE CRIM. PROC. ANN. arts. 26.04, 26.05 (West Supp. 2012). We overrule Appellant's third issue.

In his fourth issue, Appellant complains that the State withheld evidence from discovery. We first note that a criminal defendant's right to discovery under the United States Constitution is limited to exculpatory or mitigating evidence in the State's possession, custody, or control. *In re State*, 162 S.W.3d 672, 676 (Tex. App.—El Paso 2005, orig. proceeding). Beyond this, a criminal defendant has no general right of discovery. *Id.* The record reflects that Appellant presented his contentions to the trial court regarding the State allegedly withholding evidence. In each instance, the trial court heard evidence from the prosecutor indicating that the matters requested by Appellant did not exist. We conclude that the trial court did not abuse its discretion in determining that the matters did not exist and that the State did not willfully withhold production of evidence. *See Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006) (Decisions to admit or exclude evidence are reviewed under an abuse of discretion standard.). Moreover, Appellant does not complain of the admission of any evidence withheld from him. *Id.* (Evidence willfully withheld from disclosure under a discovery order should be excluded.). We overrule Appellant's fourth issue.

In his fifth issue, Appellant contends that the trial court erred in failing to dismiss the criminal charges against him prior to trial based upon his allegation of entrapment. We disagree. Entrapment is a defense to prosecution. TEX. PENAL CODE ANN. § 8.06(a) (West 2011). The entrapment defense is unusual in that it may be tested and determined in a pretrial hearing. *See* CRIM. PROC. art. 28.01, § 1(9) (West 2006). This procedure is disfavored because it results in a piecemeal trial. *Hernandez v. State*, 161 S.W.3d 491, 498 (Tex. Crim. App. 2005). The defendant bears the burden of establishing entrapment as a matter of law with conflict-free, uncontradicted, uncontested, or undisputed evidence. *Id.* at 499. If

4

the trial court denies the motion, our standard of review on appeal is de novo. *Id.* at 500. We affirm if any rational trier of fact could have concluded that the undisputed facts failed to establish all of the elements of entrapment. *Id.*

The elements of entrapment are (1) the defendant engaged in the conduct charged (2) because he was induced to do so by a law enforcement agent (3) who used persuasion or other means, and (4) those means were likely to cause persons to commit the offense. *Id.* at 497. Entrapment includes both a subjective and an objective component: the defendant must show both that he was actually induced to commit the charged offense and that the persuasion was such as to cause an ordinarily law-abiding person of average resistance to commit the crime. *England v. State*, 887 S.W.2d 902, 913–14 (Tex. Crim. App. 1994). "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." PENAL § 8.06(a).

We conclude that Appellant failed to establish entrapment as a matter of law. As later developed at trial, Appellant premised his entrapment contentions on previous assaults that allegedly occurred against him in prison and on instances wherein his personal property had been taken or destroyed. He also alleged that prison officials induced him to commit an assault by not complying with his request for a supervisor and camera equipment to be present whenever his cell was searched. He additionally alleged that he was induced to commit the assault because Officer McDaniel was not assigned to work Appellant's wing in the prison.[1] Viewed objectively, the conduct relied upon by Appellant would not have caused an ordinarily law-abiding person of average resistance to commit the crime. We overrule Appellant's fifth issue.

---

[1] The record reflects that Officer McDaniel was working overtime when the assault occurred and that he had been assigned to Appellant's wing during his overtime shift.

5

In his sixth issue, Appellant complains of the racial composition of the jury venire. He argues that he was deprived of his constitutional right to a jury drawn from a representative cross section of the community. To satisfy the federal Sixth Amendment right to a jury trial, the jury must be chosen from a panel representing a fair cross section of the community. *Duren v. Missouri*, 439 U.S. 357, 359 (1979); *Castaneda v. Partida*, 430 U.S. 482, 494 (1977). In *Pondexter v. State*, 942 S.W.2d 577, 580 (Tex. Crim. App. 1996), the court held that, to establish a prima facie violation of that requirement, an appellant must show that (1) the group alleged to be excluded is a "distinctive" group in the community, (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community, and (3) this under-representation is due to the systematic exclusion of the group in the jury selection process. Appellant has failed to meet the second and third prongs of the test. Nothing in the record is actually sufficient to show the racial composition of the panel. Moreover, there is nothing to show the requisite "systematic exclusion" of particular racial groups in the county of trial. A disproportionate representation in a single panel is not sufficient to demonstrate an unconstitutional systematic exclusion of distinctive racial groups. *Pondexter*, 942 S.W.2d at 581. We overrule Appellant's sixth issue.

In his seventh issue, Appellant challenges the indictment because its return was allegedly based on hearsay testimony. Appellant's contention is without merit. If an indictment is valid on its face, a party may not go behind the indictment to review alleged procedural errors in its presentment. *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990); *Dean v. State*, 749 S.W.2d 80 (Tex. Crim. App. 1988); *Carr v. State*, 600 S.W.2d 816, 817 (Tex. Crim. App. 1980); *Tarpley v. State*, 565 S.W.2d 525, 532 (Tex. Crim. App. 1978). Furthermore, when determining whether to present an indictment, a grand jury is

not limited to evidence that would be admissible at trial. *See Ex parte Thomas*, 956 S.W.2d 782, 786 (Tex. App.—Waco 1997, no pet.). We overrule Appellant's seventh issue.

In his eighth issue, Appellant appears to be complaining that the trial court denied him access to the court system by not protecting his property and evidence from being allegedly taken or destroyed by prison officials. It does not appear that Appellant preserved this complaint for appellate review. Furthermore, Appellant has not cited any authority requiring the trial court to intercede on his behalf with prison officials. We overrule Appellant's eighth issue.

In his ninth issue, Appellant alleges that the sitting district judge, Honorable Carter T. Schildknecht, had a conflict of interest. This contention is without merit because the regional presiding judge appointed Honorable Jay Gibson approximately four months after Appellant was indicted, and Judge Gibson presided over all subsequent proceedings. We overrule Appellant's ninth issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

September 26, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.