

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HERBERT RICHARD ATKINS, | § | No. 08-13-00113-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of Parker County, Texas |
| Appellee. | § | (TC# CCLl-12-0084) |
| | § | |

## O P I N I O N

Herbert Richard Atkins appeals his conviction of interference with an emergency phone call. *See* TEX. PENAL CODE ANN. § 42.062 (West Supp. 2014). A jury found Appellant guilty and the court assessed punishment at a fine of $500 and confinement in the county jail for 365 days, probated for 24 months. We affirm.

### OFFER OF PROOF

In his sole issue, Appellant asserts that "[t]he trial court abused its discretion by denying Appellant's absolute right to make an offer of proof regarding excluded evidence." He relies on Rule 103(c) of the Texas Rules of Evidence and cases applying that rule.

Deputy Eric Lee and Deputy William Kirk responded to a domestic disturbance call involving Appellant. Lee was the primary deputy on the case. During cross-examination, Kirk testified that he had reviewed Lee's report as well as his own report prior to testifying. Lee did

not testify at trial. When Appellant asked Kirk whether Lee was still employed with the Sheriff's Office, Kirk replied that Lee had been terminated. When Appellant asked Kirk why Lee left the Sheriff's Office, the State raised a relevance objection and the trial court sustained that objection. Appellant asked the court for the opportunity to make an offer of proof regarding that issue and the trial judge asked Kirk, in the jury's presence, if he knew why Lee was terminated. Kirk replied that he did and testified that it was because Lee was "showing up late to work." Although the trial court ruled that "showing up late for work" was not relevant to the case, the court did not strike Kirk's testimony. Appellant then asked Kirk if there were any other reasons and he replied, "Not that I know of."

After the State rested and outside of the jury's presence, Appellant's attorney announced that he had issued a subpoena for Meredith Gray, the custodian of records at the Sheriff's Office, to bring the employment, disciplinary, and complete personnel file of Deputy Lee, and Gray was refusing to turn over the records to counsel. Appellant's attorney stated, "I think we have a right to see why the lead deputy was fired." The prosecutor responded that the personnel files were irrelevant and he would like to have an opportunity to file a motion for a protective order. The trial judge did not rule on the State's request and he instead asked Gray come into the courtroom where she was sworn as a witness. The court then stated that the only thing the attorneys needed to know is why Lee lost his job and he asked Ms. Gray to review the records to determine if there was anything in the records regarding the reason for termination. Ms. Gray subsequently explained that Lee "was terminated at will" and no reason was given in the termination paperwork. The trial court additionally asked her if there were any complaints in the file regarding Lee not being truthful "or anything else that would be used in the defense of a criminal case." She replied:

"Not to my knowledge, Your Honor. Not anything regarding truthfulness. I haven't, of course, looked at every document. I don't recall there being anything like that in his history." The trial judge stated that he knew Ms. Gray and found her representations about the file to be credible. The judge then ruled that he would not "allow any further review" of the deputy's personnel file. At that point, Appellant asked that the entire personnel record be marked as an exhibit for purposes of appeal. The trial court denied that request.

Rule 103(a)(2) provides that error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and where the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked. *See* TEX.R.EVID. 103(a)(2). Rule 103(c) provides, in pertinent part, as follows:

> The court must allow a party to make an offer of proof outside the jury's presence as soon as practicable--and before the court reads its charge to the jury. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. At a party's request, the court must direct that an offer of proof be made in question-and-answer form. Or the court may do so on its own.

Appellant was permitted to introduce through the testimony of Deputy Kirk evidence that Deputy Lee was fired for being late to work. Because the trial court did not exclude Deputy Kirk's testimony on the subject, Appellant was not entitled to make an offer of proof based on Deputy Kirk's testimony.

Turning to the issue of the subpoena duces tecum for Lee's personnel file and Ms. Gray's testimony, Appellant's sole complaint in the trial court was that the custodian of the records was refusing to turn over the records to defense counsel. Appellant's objection that he had "a right to see why the lead deputy was fired" was a complaint regarding Ms. Gray's denial of access to the

personnel file. It is not an offer of evidence. Consequently, the trial court's refusal to grant Appellant access to the personnel file is not an exclusion of evidence and did not trigger Appellant's right to make an offer of proof under Rule 103(c).

Appellant's brief does not state any other basis which would authorize the Court to order the trial court to make a confidential personnel file part of the public record in this case, but we have considered whether there is some other authority which would support Appellant's claim of error. As noted above, Appellant objected that he had "a right to see why the lead deputy was fired." Appellant does not raise any issue on appeal complaining about the trial court's review of the file. *See Proctor v. State*, 319 S.W.3d 175, 184 (Tex.App.--Houston [1st Dist.] 2010, pet. struck)(appellate court reviews a trial court's denial of a request for an *in camera* review of putative *Brady* information for an abuse of discretion); *Page v. State*, 7 S.W.3d 202, 207-08 (Tex.App.--Fort Worth 1999, pet. ref'd)(en banc)(same). On appeal, Appellant argues that he is harmed by the trial court's refusal to make the personnel file part of the appellate record because review of the file might show that the deputy's termination "was influenced by his performance in the investigation into this case." Implicit in this argument is an assertion that the trial court erred by refusing to grant Appellant access to the personnel file in the first place or the court erred by not conducting its own review of the personnel file. If Appellant did not preserve these complaints or the complaints are without merit, any error arising from the trial court's refusal to make the personnel file part of the appellate record is harmless and abating the appeal in order for the personnel file to be made part of the record is unnecessary.

A defendant in a criminal case has no general right to pretrial discovery of evidence in the State's possession. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d

30 (1977); *Pena v. State*, 353 S.W.3d 797, 809 n.10 (Tex.Crim.App. 2011); *see In re State*, 162 S.W.3d 672, 676 (Tex.App.--El Paso 2005, orig. proceeding).   Limited discovery is provided for by Article 39.14.   *See* TEX.CODE CRIM.PROC.ANN. art. 39.14 (West Supp. 2014).[1]   Further, the State is obligated to turn over to the defendant exculpatory evidence that is within the custody or control of the State.   *See Brady v. Maryland*, 373 U.S. 83, 86, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963).   The defendant's right to due process is violated if he does not obtain, upon request, favorable evidence in the State's possession where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.   *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196-97.

The clerk's record does not reflect that Appellant filed a *Brady* motion.   Instead, he filed an application for a subpoena duces tecum directed to the custodian of Deputy Lee's complete personnel file.   *See* TEX.CODE CRIM.PROC.ANN. art. 24.02 (West 2009)("If a witness have in his possession any instrument of writing or other thing desired as evidence, the subpoena may specify such evidence and direct that the witness bring the same with him and produce it in court.").   Several courts have noted that a subpoena duces tecum may not be used as a discovery weapon, but as an aid to discovery based upon a showing of materiality and relevance.   *Ealoms v. State*, 983 S.W.2d 853, 859 (Tex.App.--Waco 1998, pet. ref'd); *Reece v. State*, 878 S.W.2d 320, 326 (Tex.App.--Houston [1st Dist.] 1994, no pet.); *Cruz v. State*, 838 S.W.2d 682, 686 (Tex.App.--Houston [14th Dist.] 1992, pet. ref'd).

---

[1]   In 2013, the Legislature added a provision to Article 39.14 which requires the State to disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged. TEX.CODE CRIM.PROC.ANN. art. 39.14(h)(West Supp. 2014).   This change to Article 39.14 applies "to the prosecution of an offense committed on or after the effective date [January 1, 2014] of this Act."   Act of May 14, 2013, 83rd Leg., R.S., ch. 49, § 3, 2013 Tex.Gen.Laws 106, 108.   Because the offense in this case occurred on August 21, 2011, Article 39.14(h) is inapplicable.

- 5 -

Since the trial court proceeded without permitting the State to file a motion for a protective order, the record does not reflect whether the deputy's personnel file is privileged.[2] The personnel file, or at least portions of it, is certainly confidential. *See* TEX.GOV'T CODE ANN. § 552.102(a)(West 2012). Even if a file or document is not privileged or confidential, Appellant does not have a right to conduct his own review of the file for *Brady* material. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987). The burden rests on the trial court to determine, *upon request*, whether or not a file or document in the State's possession contains *Brady* evidence by conducting an *in camera* inspection of the requested information. *See Brady*, 373 U.S. at 87, 83 S.Ct. at 1196-97 (emphasis added).

Appellant never asked the trial court to conduct an *in camera* inspection of the complete personnel file. Upon learning of the dispute about the personnel file, the trial judge swore the custodian of the records as a witness and questioned her about the file. Appellant did not object to the trial court conducting the examination of the witness. The trial court asked the custodian of the records whether the file reflected the reason for the deputy's termination. It is clear from the discussion on the record that the court understood that to be the information Appellant was seeking from the file and Appellant never suggested otherwise. The custodian responded under oath that the documents related to the deputy's termination gave no reason for his termination because he was an employee at will. When the witness indicated she had not read every document in the file, Appellant still did not ask the trial court to conduct an *in camera* review of the file to determine whether it contained any evidence relevant to the reason for the deputy's termination or other *Brady* material. Appellant asserts for the first time on appeal that the file might show that the

---

[2] The personnel file of a municipal fire fighter or police officer is privileged. *See* TEX.LOCAL GOV'T CODE ANN. § 143.089 (West 2008). This statute is inapplicable to the deputy but some other basis for a claim of privilege could exist.

- 6 -

deputy's termination "was influenced by his performance in the investigation into this case." He did not, however, indicate to the trial court that he sought that specific information and he did not ask the court to look through the file for that information. Given Appellant's failure to ask the trial court to conduct an *in camera* inspection of the personnel file and his acquiescence to the procedure employed by the trial court, we conclude that he waived any issue he might raise regarding the trial court's review of the file. Consequently, the trial court's refusal to admit the file for purposes of the appellate record is harmless and it is unnecessary to abate this appeal in order for the confidential personnel file to be made part of the appellate record. For these reasons, we overrule the sole issue presented and affirm the judgment of the trial court.

ANN CRAWFORD McCLURE, Chief Justice

June 3, 2015

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Rodriguez, J., dissenting
Larsen, J. (Senior Judge), sitting by assignment

(Do Not Publish)