COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: | § | No. 08-18-00177-CR |
| | § | |
| SHERIFF RICHARD WILES, | § | AN ORIGINAL PROCEEDING |
| | § | |
| RELATOR. | § | IN MANDAMUS |
| | § | |
| | § | |

## **O P I N I O N**

El Paso County Sheriff Richard Wiles has filed a petition for writ of mandamus against the Honorable Jesus Herrera, Judge of the County Criminal Court at Law No. 4 of El Paso County, Texas. He asks that we order Respondent to set aside a bond order which compels Sheriff Wiles to disregard a detainer placed by the United States Immigration and Customs Enforcement (ICE) on Victor Reyes-Landeros in a criminal case styled *The State of Texas v. Victor Reyes* (cause number 20170C09802).[1] We conditionally grant mandamus relief.

## **FACTUAL BACKGROUND**

Reyes-Landeros is charged with a misdemeanor offense in cause number 20170C09802 and the case is pending in the County Criminal Court No. 4. According to the mandamus petition,

---

[1] The real party in interest's name is shown as "Victor Reyes" in the criminal case and he is identified in Sheriff Wiles' mandamus petition as "Victor Reyes Landeros". In a letter to the Court, his attorney refers to the real party in interest as "Victor Reyes-Landeros". This summary will refer to the real party in interest as Reyes-Landeros.

the Department of Homeland Security placed an ICE detainer on Reyes-Landeros. On August 29, 2018, Respondent signed a bond order which provided for Reyes-Landeros' release on a $2,000 personal recognizance bond. The bond order contains several conditions and includes the following language:

> NO DRIVING; RELEASE TO STREEET; EL PASO COUNTY SHERIFFS [sic] OFFICE TO DISREGARD 'ICE HOLD'.

On August 30, 2018, the Court Coordinator for County Court at Law No. 4 sent Sheriff Wiles an email which stated:

> Please take this as notice that a hearing has been set on case #20180C09802 for a Show Cause Hearing as to why you should not be held in contempt of court when a bond order was sent to the El Paso County Jail Annex with language that read 'Release to street, El Paso County Sheriff's office to disregard "ICE HOLD".['] Mr. Reyes Landeros was placed on the ICE list to be transferred to ICE custody and was subsequently detained by ice [sic]. Your presence is mandatory at the hearing scheduled for 9-14-18 @10 am. Thank you.[2]

Sheriff Wiles filed a written response and requested that the bond order be withdrawn. Respondent denied the motion, but he continued the show cause hearing at Sheriff Wiles' request and a new hearing date has not been set.

## ICE DETAINER

In his sole issue, Sheriff Wiles asserts that Respondent clearly abused his discretion by ordering him to disregard the ICE detainer.

### Standard of Review

To be entitled to mandamus relief, the relator must make two showings: (1) that he has no adequate remedy at law; and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013); *see In re State of Texas*, 162 S.W.3d 672,

---

[2] It is unclear whether the trial court actually issued a show cause order and the mandamus petition does not state whether Sheriff Wiles was personally served with the show cause order. Sheriff Wiles does not, however, raise any issues related to defects in the contempt process and restricts his argument to a challenge to the underlying bond order.

675 (Tex.App.--El Paso 2005, orig. proceeding).  The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought.  *Weeks*, 391 S.W.3d at 122.  A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles."  *Id*., *quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011).  An issue of first impression can qualify for mandamus relief.  *Weeks*, 391 S.W.3d at 122.

*Respondent's Authority Related to Bail*

Sheriff Wiles argues that he is entitled to mandamus relief because the portion of the bond order requiring him to ignore the ICE detainer placed on Reyes-Landeros is statutorily prohibited.  It is well understood that a defendant held in physical custody by one jurisdiction may be subject to a detainer or hold placed on him by another jurisdiction.  An "ICE hold" or "ICE detainer" is a written notice issued by the U.S. Department of Homeland Security (DHS) to federal, state, and local law enforcement agencies informing the agency that Immigration and Customs Enforcement ("ICE") intends to assume custody of an individual in the law enforcement agency's custody once the person is no longer detained by the law enforcement agency.[3]  *Ex parte Huerta*, No. 07-18-00066-CR, 2018 WL 3446254, at *1 n.1 (Tex.App.--Amarillo July 17, 2018, pet. ref'd); *Martinez v. State*, 449 S.W.3d 193, 202 n.3 (Tex.App.--Houston [1st Dist.] 2014, pet. ref'd)(referencing information available on the U.S. Department of Homeland Security's website).  In addition to providing notice, the ICE detainer serves two important functions by requesting the law enforcement agency (1) to notify DHS as soon as practicable before an alien is released and (2) to maintain custody of the alien for up to 48 hours beyond the preexisting release date so that DHS

---

[3]  The Immigration Detainer form (Form I-247A) and DHS's written policy related to issuance of ICE detainers are available on DHS's website.  *See* https://ice.gov.

- 3 -

may assume custody. *Ex parte Huerta*, 2018 WL 3446254, at \*1 n.1; *Martinez*, 449 S.W.3d at 202 n.3.

Chapter 17 of the Texas Code of Criminal Procedure addresses matters related to bail. *See generally* TEX.CODE CRIM.PROC.ANN. arts. 17.01-17.49. Bail is the security given by the accused that he will appear and answer before the proper court the accusation brought against him and includes a bail bond or a personal bond. TEX.CODE CRIM.PROC.ANN. art. 17.01. A bail bond is a written undertaking entered into by the defendant and the defendant's sureties for the appearance of the principal therein before a court or magistrate to answer a criminal accusation. TEX.CODE CRIM.PROC.ANN. art. 17.02.

The County Criminal Court No. 4 is a statutory county court, and it has criminal jurisdiction over misdemeanor cases in El Paso County. *See* TEX.GOV'T CODE ANN. §§ 25.0003(a), 25.0731(a)(11), 25.0732. Respondent had discretion to set a personal recognizance bond for Reyes-Landeros with respect to cause number 20170C09802. *See* TEX.CODE CRIM.PROC.ANN. art. 17.03 (authorizing release of a defendant on personal bond). "When the accused has given the required bond, either to the magistrate or the officer having him in custody, he shall at once be set at liberty." TEX.CODE CRIM.PROC.ANN. art. 17.29(a). Article 17.29(a)'s requirement that the accused be "set at liberty" has not been interpreted to mean that the accused must be released from all custody. *See Castaneda v. State*, 138 S.W.3d 304, 309-10 (Tex.Crim.App. 2003)(noting that the sheriff did as the law required and, upon receipt of the bond, released the principal-defendant from the custody of Hidalgo County and set him at liberty as to Hidalgo County, sheriff did not have authority to accept a surety bond on a detainer filed by another jurisdiction). Respondent does not have any express, implied, or inherent authority to order Reyes-Landers released from the ICE detainer. *Compare* TEX.CODE CRIM.PROC.ANN. art. 51.13, § 16 (authorizing a local court

to set bail or a bond for an individual arrested by and held in the physical custody of the local authorities pursuant to extradition proceedings). The Legislature has not enacted any law authorizing a local court to order the release of a person held pursuant to an ICE detainer.

Further, the Texas Legislature enacted Article 2.251 of the Code of Criminal Procedure in 2017 which requires law enforcement agencies to honor immigration detainer requests commonly referred to as ICE detainers. The statute provides that:

> (a) A law enforcement agency that has custody of a person subject to an immigration detainer request issued by United States Immigration and Customs Enforcement shall:
>
> (1) comply with, honor, and fulfill any request made in the detainer request provided by the federal government; and
>
> (2) inform the person that the person is being held pursuant to an immigration detainer request issued by United States Immigration and Customs Enforcement.

TEX.CODE CRIM.PROC.ANN. art. 2.251(a)(effective September 1, 2017).

While Sheriff Wiles was required, upon receipt of the personal bond, to release Reyes-Landeros from the custody of El Paso County and set him at liberty as to El Paso County, he could not release him to the street because it would violate the duty imposed on him by Article 2.251. Not only did Respondent order Sheriff Wiles to violate his statutory duty under Article 2.251, the bond order effectively set a personal bond on the ICE detainer. Respondent's authority and discretion to set a personal bond on the misdemeanor charge does not extend to the ICE detainer. Consequently, the portion of the bond order requiring Sheriff Wiles to disregard the ICE detainer and release Reyes-Landeros to the street is void.

If an order is void, the relator need not show he lacks an adequate appellate remedy, and mandamus relief is appropriate. *In re Southwestern Bell Telephone Company*, 35 S.W.3d 602, 605 (Tex. 2000). Even if the challenged portion of the bond order is not void, Sheriff Wiles does not

have any right of appeal. Because Sheriff Wiles has shown he is entitled to mandamus relief, his sole issue is sustained. The trial court is ordered to vacate that portion of its bond order directing Sheriff Wiles to disregard the ICE hold and release Reyes-Landeros to the street. The writ of mandamus will issue only in the event the trial court fails to comply.


April 24, 2019

                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)