

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00163-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:     Lori I. Valenzuela, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The child at the center of this case is J.D., a fifteen-year-old who is in the managing conservatorship of the Department of Family and Protective Services (the "Department"). In the underlying proceeding, the trial court ordered the Department to secure and pay a court reporter for the depositions of four Department personnel. The Department filed a motion to stay the order, which we granted, and a petition for writ of mandamus complaining of the order. The trial court filed a response, and the Department filed a reply. We conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2020-PA-01945, styled *In the Interest of J.D.*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

**MANDAMUS STANDARD OF REVIEW**

To be entitled to mandamus relief, the Department must show the trial court committed a clear abuse of discretion and the Department has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839, 840 (Tex. 1992) (citation omitted). A "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006). However, if the complained-of order is void, the Department does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted).

**BACKGROUND**

On March 15, 2022, the trial court held a hearing to discuss J.D.'s placement. At the hearing, J.D.'s attorney ad litem questioned J.D.'s Department caseworker. The ad litem brought to the court's attention an incident that occurred the prior weekend at a movie theatre. At the theatre, J.D. met with a group of girls, who thereafter joined up with a group of boys. The girls later separated, and J.D. remained with the boys. According to J.D., one of the boys told J.D. to meet him at the family restroom to talk. While in the restroom, he threatened and sexually assaulted J.D. After J.D. reported the alleged sexual assault to Department supervisors, they called the police.

At the time of the incident, the Department was under court order to provide continuous one-on-one supervision of J.D. After learning of the incident, the trial court inquired which Department personnel were providing the court-ordered supervision at the time of the alleged sexual assault. According to the caseworker, the two supervisors assigned to J.D. "were at the movie theatre where they were supposed to be with [J.D.] but they were just sitting behind the movie theatre, according to the incident report. And that is when they lost sight of [J.D.]" The trial court asked numerous questions regarding the incident that the caseworker could not answer. However, it came to light that there was a shift change during the movie, and there were four supervisors that were responsible for J.D. around the time of the incident: Diana Menchaca, Janice Teddy, Katy Meyer and Josie Sampson.

Because the trial court could not obtain satisfactory information about the incident from J.D.'s caseworker, the trial court ordered the Department to secure and pay a court reporter for the depositions of J.D.'s four supervisors. We stayed the depositions pending resolution of this mandamus proceeding.

## DISCUSSION

The Department asserts the trial court abused its discretion in sua sponte ordering the Department to secure and pay for a court reporter for the depositions of Diana Menchaca, Janice Teddy, Katy Meyer and Josie Sampson.

In its response, the trial court cites no specific statute or rule authorizing the trial court to sua sponte compel the Department to secure and pay for the depositions, and we cannot find one. *See Hastings Oil Co. v. Tex. Co.*, 234 S.W.2d 389, 393 (Tex. 1950) ("[I]f the trial court had authority to issue the [discovery] order complained of it must be found in the written law or it must arise by reasonably necessary implication therefrom."). Absent a specific statutory basis either

expressly or impliedly authorizing the depositions ordered by the trial court, the question before us is substantially narrowed: Does the trial court have inherent authority to compel the depositions?

"The Inherent judicial power of a court is not derived from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). "The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Id.*

Texas courts have recognized inherent powers in the following instances: (1) to change, set aside or otherwise control their judgments; (2) to summon and compel the attendance of witnesses; (3) to regulate the admission and practice of law; and (4) to provide personnel to aid the court in the exercise of its judicial function. *Id.* at 399 n.1; *see also In re State*, 162 S.W.3d 672, 677 (Tex. App.—El Paso 2005, no pet.). The trial court's order requiring the Department to secure and pay for the depositions is not supported by the exercise of one of the generally recognized inherent powers recognized by Texas courts.[2]

"[I]f discovery takes place under an improper order, the error cannot be rectified on appeal." *See In re Millwork*, 631 S.W.3d 706, 714 (Tex. 2021); *see also In re Liberty Cnty. Mut. Ins. Co.*, 557 S.W.3d 851, 858 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) ("[O]nce the deposition has been taken, it cannot be untaken."). Accordingly, the Department lacks an adequate remedy by appeal from the trial court's sua sponte order compelling the Department to secure and pay for the depositions.

---

[2] Our opinion should not be read as a limitation on the trial court's inherent power to summon and compel the attendance of witnesses before the trial court—an issue that is not before us.

**CONCLUSION**

Because the trial court lacked authority to sua sponte order the Department to secure and pay a court reporter for the depositions and because the Department lacks an adequate remedy by appeal, we hold decretal paragraph 2.3 of the March 22, 2022 Benchmark Hearing After Final Order is void. We conditionally grant the petition for writ of mandamus and direct the trial court to, no later than fifteen days from the date of this opinion, vacate decretal paragraph 2.3 of the March 22, 2022 Benchmark Hearing After Final Order.

Lori I. Valenzuela, Justice